OTT, Judge.
On June 28, 1977 an information charged that appellant and a co-defendant committed a robbery on April 3, 1977, during the course of which “the said (co-defendant and appellant) did carry a deadly weapon, to wit: A FIREARM.”
Appellant entered a plea of not guilty. On August 15, 1977 another plea hearing was held with an assistant state attorney and counsel for the appellant present. Appellant’s plea was changed to nolo conten-dere. Sentence was deferred pending receipt and review of a pre-sentence investigation.
On October 7, 1977 the co-defendant and appellant came before the court for sentencing. The court announced its intention to withhold adjudication and place the co-defendant and appellant on probation. The assistant state attorney objected on the grounds that a mandatory three year sentence was required pursuant to Section 775.087(2), Florida Statutes (1976). After considerable colloquy between the court, the assistant state attorney and appellant’s counsel the hearing was continued for several hours and then resumed later the same *806 day. The court and appellant’s counsel were clearly of the impression that appellant was pleading to the lesser offense of robbery and that the state either had abandoned or was unable to prove the firearm violation. The state insisted that the plea of nolo contendere having been accepted there was no alternative for the court but to enter the mandatory three year sentence. At the conclusion of the hearing the court, over the state’s objection, announced that it was either striking or dismissing that portion of the information dealing with a firearm violation. The trial court entered its order withholding adjudication and placing appellant on probation for a period of two years.
Thereafter, the state filed a motion for correction of the sentence pursuant to Fla. R.Crim.P. 3.800. After a hearing on this motion the court granted the state’s motion and imposed the mandatory three year sentence. Under the prevailing confusion we hold that the appellant’s change of plea was not voluntarily entered and we, therefore, set aside the judgment and sentence and remand with directions that the court afford the appellant the opportunity to withdraw his plea of nolo contendere.
BOARDMAN, Acting C. J., and DAN-AHY, J., concur.