SCHEB, Judge.
Appellant Kiehl and his codefendant Summerlin were charged by information with having committed a robbery on April 3,1977. The information contained the further allegation that “during the hours of the aforesaid offense, the said [appellant and codefendant] did carry a deadly weapon, to wit: A FIREARM.”
After first pleading not guilty, appellant withdrew his plea and pled nolo contendere to the charge of robbery. At the sentencing hearing in September 1977, after receiving a presentence investigation report, the trial judge announced she would withhold adjudication and place appellant on probation for two years. The state objected, contending the court was compelled to impose a minimum sentence of at least three years under § 775.087(2), Fla.Stat. (Supp. 1976). At this point appellant’s counsel moved to strike the language in the information referring to a firearm. The trial court granted the motion, and ordered that appellant serve a two-year probationary term.
Later the state filed a motion to correct the sentence pursuant to Fla.R.Crim.P. 3.800. By this motion the state once again sought to have appellant sentenced to a minimum of three-years imprisonment. After a hearing in October 1977 the trial court vacated its previous order of probation and sentenced appellant to three years in prison with credit for time served.
Appellant raises a number of points questioning the propriety of his three-year sentence. Without discussing these points individually, we hold this case is controlled by Summerlin v. State, 360 So.2d 805 (Fla.2d DCA 1978). We reverse on its authority.
Summerlin v. State was the appeal of appellant’s codefendant, Larry Summerlin. The trial court had likewise withdrawn Summerlin’s order of probation and sentenced him to three-years imprisonment. Judge Ott, speaking for this court, held that because of the confusion which surrounded the plea and sentencing hearings it could *1101 not be said that Summerlin’s plea of nolo contendere was voluntarily entered. Thus, Summerlin’s judgment and sentence were set aside and the cause was remanded to the trial court with directions to afford Summerlin the opportunity to withdraw his plea.
As recognized by the state during oral argument, appellant here is in substantially the same position as Summerlin found himself. We hold that appellant Kiehl, just as his codefendant Summerlin, did not knowingly and voluntarily enter his plea to the information charging him with committing robbery while carrying a firearm.
We, therefore, vacate appellant’s judgment and sentence and remand this case with directions that the trial court afford appellant the opportunity to withdraw his plea of nolo contendere.
HOBSON, Acting C. J., and RYDER, J., concur.